IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMIRO CABRERA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25 C 12160 |
| | ) |
| KRISTI NOEM, Secretary of the | ) |
| U.S. Department of Homeland | ) |
| Security, and RUSSELL HOTT, | ) |
| Field Office Director, Chicago | ) |
| Field Office, Immigration and | ) |
| Customs Enforcement, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ramiro Cabrera, a noncitizen, has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement.

### Background

Cabrera is a native of Mexico. He entered the United States without inspection more than twenty years ago and has resided in the country since his entry. Cabrera has four children, all of whom are U.S. citizens, and has no criminal history.

On October 3, 2025, ICE detained Cabrera. He filed this petition for writ of habeas corpus the same day. The Court temporarily precluded the removal of Cabrera from the United States and from Illinois, Indiana, or Wisconsin. ICE has now initiated removal proceedings against him by issuing a Notice to Appear.

On October 22, 2025, an immigration judge determined that Cabrera was expected to be bond-eligible but denied release based on *Matter of Yajure Hurtado,* 29 I&N Dec. 216, 221 (BIA 2025). Cabrera remains in custody at the Clay County Jail in Brazil, Indiana.

**Discussion**

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

Cabrera filed a petition for writ of habeas corpus alleging that he is being unlawfully detained because respondents will not provide him a bond hearing at which an immigration judge considers his dangerousness and flight risk, as required under 8 U.S.C. § 1226(a).[1] The respondents argue that the Court lacks jurisdiction and that, even if the Court's review is not barred, Cabrera is not entitled to release because he is lawfully detained under 8 U.S.C. § 1225(b)(2)(A). The respondents also argue that the case is not ripe and that the Court should dismiss the Secretary of Homeland Security as a respondent.

At a hearing held earlier today, the respondents acknowledged that the case is now ripe because the immigration judge denied Cabrera's request for release on bond based on the BIA's decision in *Yajure Hurtado*. The respondents also acknowledged that the inclusion of the Secretary of Homeland Security as a named respondent does not impact the Court's jurisdiction. The respondents primarily rely on *Kholyavskiy v.*

---

[1] Cabrera has also filed a claim under *Castañon Nava v. Department of Homeland Security*, No. 18 C 3757, 2025 WL 2842146, at *1 (N.D. Ill. Oct. 7, 2025). The parties agree that Cabrera's petition is not impacted by any order in that case to date.

2

*Achim*, 443 F.3d 946, 953 (7th Cir. 2006), to support the argument that the proper respondent for a petition for writ of habeas corpus is the detainee's immediate custodian. Resps.' Mem. at 14. In *Kholyavskiy*, the court held that a petition for writ of habeas corpus must be dismissed if the immediate custodian is not included as a respondent. *Id.* But the case does not support the respondents' argument that the Secretary must be dismissed from a case seeking a writ of habeas corpus. The respondents do not, and could not, argue that Cabrera has not named his immediate custodian as a respondent.

As discussed below, the Court concludes that it has jurisdiction over Cabrera's petition and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a) at which the government shall bear the burden of justifying his continued detention by clear and convincing evidence of dangerousness or flight risk.

**A.     Jurisdiction**

The government argues that three sections of the Immigration and Nationality Act strip the Court of jurisdiction over Cabrera's claims: 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii).

**1.     Section 1252(g)**

The government argues that § 1252(g) bars jurisdiction because Cabrera is attempting to use his petition to undermine his removal proceedings. Section 1252(g) provides that "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

8 U.S.C. § 1252(g). The Seventh Circuit has stated, however, that § 1252(g) "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). A detainee's claims that challenge fundamental legal errors that may violate the detainee's due process rights do not challenge the decision "to commence proceedings, adjudicate cases, or execute removal orders." *Id.* Cabrera contends that he is being illegally detained in violation of his due process rights and the INA. To state the obvious, this is not a challenge to the respondents' decision to commence proceedings, adjudicate cases, or execute removal orders. The Court concludes that Cabrera's claim is outside the narrow reach of § 1252(g).

2. **Section 1252(b)(9)**

Additionally, the respondents contend that Cabrera's claim is precluded by § 1252(b)(9) because it requires the Court to answer legal questions that arise from the decision to remove a noncitizen. Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus . . . or by any other provision of law," to review any questions of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States" except via judicial review of a final order of removal. 8 U.S.C. § 1252(b)(9). Again, Cabrera's claim challenges his detention, not any action or decision related to his removal proceedings, and therefore this Court's review is not precluded by § 1252(b)(9).

3. **Section 1252(a)(2)(B)(ii)**

The respondents finally argue that § 1252(a)(2)(B)(ii) bars review of the

4

"discretionary decision" to detain Cabrera. Section 1252(a)(2)(B)(ii) states: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1226(a) states: "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The respondents contend that the word "may" in § 1226(a) means that Cabrera's detention is a discretionary decision that is insulated from judicial review by § 1252(a)(2)(B)(ii). But Cabrera seeks review of the scope of the respondents' detention authority under the immigration detention statutes. This threshold legal question is "not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The Court concludes that it has jurisdiction over Cabrera's claims.

**B.    Basis for detention**

Two provisions of the INA govern detention of noncitizens: § 1225 and § 1226. The respondents argue that—even if the Court has jurisdiction—Cabrera is not eligible for release because he is detained under § 1225(b)(2)(A). Cabrera responds that he cannot be detained under § 1225(b)(2)(A) because he is not "seeking admission" at the border. Instead, Cabrera argues, § 1226(a) governs the detention of noncitizens who— like him—are arrested and detained after already residing in the United States.

Numerous judges in this district—including this Court—have held that § 1226(a), not § 1225(b)(2)(A), governs detention of noncitizens who are already in the country because they are no longer "seeking admission." *See, e.g., Lopez Briseno v. Noem*,

5

No. 25 C 12092, Dkt. No. 12 (N.D. Ill. Nov. 11, 2025) (Kennelly, J.); *Garcia Rios v. Noem*, No. 25 C 13180, 2025 WL 3124173, *3 (N.D. Ill. Nov. 7, 2025); *Galvis Cortes v. Olson*, No. 25 C 6293, 2025 WL 3063636, *4 (N.D. Ill. Nov. 3, 2025) (Kennelly, J.); *D.E.C.T. v. Noem*, No. 25 C 12463, 2025 WL 3063650 (N.D. Ill. Nov. 3, 2025); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, *6 (N.D. Ill. Oct. 24, 2025); *Padilla v. Noem*, No. 25 C 12462, 2025 WL 2977742, *4 (N.D. Ill. Oct. 22, 2025); *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at *7 (N.D. Ill. Oct. 21, 2025); *Ochoa Ochoa v. Noem,* No. 25 C 10865, 2025 WL 2938779, at *7 (N.D. Ill. Oct. 16, 2025).

The respondents argue that these decisions are incorrect because any noncitizen who has not been lawfully admitted to the country is "seeking admission" and thus is subject to mandatory detention based on the plain language of § 1225(b)(2)(A). Cabrera argues that these decisions are correct because, as the Supreme Court held in *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018), § 1225(b)(2)(A) only applies to noncitizens "seeking admission into the country" and § 1226(a) applies to noncitizens "already in the country." The Court concludes that respondents have provided no compelling reason to depart from its previous decisions.[2]

Cabrera has resided in the country for more than twenty years. He has four citizen children and no criminal record. He is not "seeking admission into the country." *Jennings*, 583 U.S. at 289. Thus mandatory detention under § 1225(b)(2)(A) does not apply, and Cabrera is instead subject to discretionary detention under § 1226(a).

---

[2] For additional analysis supporting the Court's decision, see *Galvis Cortes*, 2025 WL 3063636, at *4, and *Lopez Briseno*, No. 25 C 12092, Dkt. No. 12, at 5-7.

6

**C.     Due process**

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis*, 533 U.S. at 690.  The Supreme Court has held that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Id.* at 693.

To determine whether a violation of procedural due process has occurred, courts balance three factors:  (1) whether a private interest is implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

The Court concludes that the respondents' detention of Cabrera under § 1226(a) without consideration of his risk of dangerousness or flight violates his right to procedural due process.  Cabrera has a private interest in being released from custody.  The respondents' decision to detain him erroneously deprives him of that interest.  And the government's interest in detaining him without a hearing that considers his risk of dangerousness or flight, including any fiscal and administrative burdens, is minimal at best.

Finally, the standard of proof "serves to allocate the risk of error between the

litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas*, 441 U.S. 418, 423 (1979). At his bond hearing, the government must prove that detention of Cabrera is justified by clear and convincing evidence of his dangerousness or flight risk. *See Galvis Cortes*, 2025 WL 3063636, at *6.

## Conclusion

For the reasons stated above, the Court grants Cabrera's petition for a writ of habeas corpus [dkt. no. 1]. Respondents must, by November 19, 2025, release Cabrera under reasonable conditions of supervision unless he has, by that date, been provided with a bond hearing before an immigration judge, at which the government shall bear the burden of justifying his continued detention, by clear and convincing evidence of dangerousness or flight risk. The Court directs the parties to file a status report on or before November 21, 2025 that addresses Cabrera's release status, including when he received a bond hearing, the result of that bond hearing, and the findings made by the immigration judge. The stay previously entered by the Court initially on October 3, 2025 and then modified on October 5, 2025 and October 6, 2025 is extended through November 26, 2025. A telephonic status hearing is set for November 24, 2025 at 8:55 AM, using call-in number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 13, 2025